CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The jury found that the shooting of Taylor was an unlawful act. The court had properly instructed them that if they believed the shooting to be without justification or excuse they should give to the plaintiff, in the way of damages, the value of his services during the time he was disabled by his wounds, and the amount he reasonably expended for medicines and medical attention in effecting his cure. As to these matters of special damages the proof was clear, consistent, and conclusive. By finding one cent in damages the jury disregarded this proof and disobeyed the positive and peremptory instruction of the court.
Yet the counsel for appellee insist that a new trial was properly .refused because of the provisions of the 370th section of the Civil Code of Practice. That section reads as follows:
“A new trial shall not be granted on account of the smallness of damages in an action for an injury to .the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained.”
This was the rule of the common law, and it was, in the opinion of this court, as inexorable as our present statutory regulation. (Colyer v. Huff, 3 Bibb, 34.) But to this rule there were exceptions, and in South Carolina, where it prevailed, the superior court, in the case of Bacot v. Keith, said, “And although it was not usual to grant new trials on account of smallness of damages, yet this was so extraordinary a case, in which every principle of justice had been outraged, that they could not hesitate a moment in ordering a new trial, and that without costs.” (2 Bay, 466.) The law has also been ruled *468 the same way in California. (33 California, p. 322; 46 California, p. 26.)
Of course our statute precludes the idea of the courts of this state following these cases in actions for injury to person or reputation, when no special pecuniary injuries have been alleged and proved. In such cases there is no definite and certain standard by which the damages to the party injured can be measured; and, therefore, the law commits to the jury the duty of looking into the facts and circumstances of the particular case in hand, and of awarding, finally, the amount of the compensation to be made by the wrong-doer; and this award must be submitted to, although it may be clear that the jurors abused their discretion and made a mockery of justice. But the reason of this rule does not apply to the assessment of the actual pecuniary damages resulting directly from the wrong. These damages can be measured; and where the action of the jury is such as to demonstrate that as to these damages the proof was disregarded, and the law of the case, as embodied in the instructions of the court, disobeyed, then a new trial may and ought to be granted.
If section 370 of the Code be construed to take actions for the recovery of the actual pecuniary damages resulting directly from injuries to person or reputation — out of the rule recognized by the same section, that in any other action where the damages awarded do not equal the actual pecuniary injury sustained, a new trial may be granted — then we have a class of cases in which the special damages sustained may be measured with as much certainty as the damages resulting from the breach of a contract, and yet where the jury may override both the law and the evidence with perfect impunity. We are satisfied the legislature did not intend this section to be so construed.
The court below erred in modifying instructions Nos. 2 and 3, asked by appellant. When a person has not been assaulted and no demonstrations looking to an assault arc being made, *469 and when the other party to the pending affray is actually protesting that he has made no threats against him, it is misleading to intimate to the jury that he still may entertain a reasonable belief that he is then in danger of death or great bodily harm. Such was the effect of the modification of instruction No. 2, and such was also the tendency of the modification of instruction No. 3.
Judgment reversed and the cause remanded for a new trial upon principles consistent with this opinion.