CASE 75—INDICTMENT—APRIL 9, 1881.

# ,Haggard v. Commonwealth.

### APPEAL FROM CUMBERLAND CIRCUIT COURT.

1. Jury commissioners are not bound to select negro jurors. All that the accused can claim is, that no citizen otherwise competent shall be excluded by law on account of race or color.

2. The proper way in which to take advantage of an irregularity in the summoning or formation of a grand jury is by motion to set aside the indictment, and if no such motion is made, the irregularity is waived. So also any irregularity in the summoning of a petit jury is waived by a failure to challenge the panel.

3. The right of a party to be tried by a jury selected without discrimination on account of race or color is a right which may be waived.

'T. C. WINFREY FOR APPELLANT.

1. The statute prohibiting persons of color from serving on grand and petit juries is in conflict with the constitution of the United States, and indictments found under that statute are void.

2. The police judge before whom the writ of *habeas corpus* was returned had jurisdiction to hear appellant's complaint under the writ, and his action was final. (Civil Code, secs. 399, 400, 401, 409, 420, 422, and 423.)

. JOHN G. CRADDOCK FOR APPELLANT.

1. Negroes being excluded by law from juries, both at the time appellant was indicted and at the time he was tried, the trial was illegal, ,and the police judge acted properly in discharging appellant from custody on the trial of the writ of *habeas corpus*.

2. The order of the circuit court filing the new indictment and requiring the defendant to give bond for his appearance was, in effect, an order setting aside the former judgment and verdict, and a quashal of the old indictment.

M. O. ALLEN FOR APPELLANT.

1. The law in relation to selecting jurors, as it existed at the time appellant was indicted and tried, was unconstitutional, and his trial was therefore illegal.

2. The reference of the case to another grand jury was an abandonment of the first indictment.

3. The state, like individuals, is estopped by acts done through her legally constituted officers or agents. (Obrion v. Commonwealth, .9 Bush, 334.)

Haggard v. Commonwealth.

4. The police judge had jurisdiction to try the writ of *habeas corpus*, and his action was binding on the circuit court. (Civil Code, secs. 399, 401, 416, 420, 421.)

R. F. SPENCER FOR APPELLANT.

1. Our statute prescribing the qualifications of jurors, as it existed at the time appellant was tried, was in conflict with the constitution of the United States, and his trial was therefore a nullity. (Constitution United States, art. 4, sec. 1; Gen. Stat., chap. 62, art 1; *Ib.*, article 3, sec. 2.)

·2. The trial being a nullity, appellant is not estopped to resist the enforcement of the judgment by reason of his failure to object to the jury.

3. The police judge had authority to try the writ of *habeas corpus*, and having released appellant, there was no authority to again imprison him under the same indictment. (Civil Code, sections 416, 420, and 422.)

·4. The order referring the case to another grand jury was a quashal of the first indictment, and put a stop to further proceedings under it.

Orally argued by P. W. HARDIN FOR APPELLEE.

.JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried, and convicted in the ·circuit court for the offense of maliciously stabbing.

He prayed an appeal, which was granted, and sixty days ·were allowed him to file the record here.

Instead, however, of prosecuting his appeal, he sued out a writ of *habeas corpus*, and upon the hearing thereof, the police judge of the town of Burksville discharged him from imprisonment, and substantially vacated the judgment of ·conviction on the ground, which is agreed to have existed, that the grand jury that indicted, and the petit jury that ·convicted him, were composed wholly of white citizens ·who were drawn by the jury commissioners out of numbers from which negro citizens were excluded. The circuit court disregarded the action of the police judge, and ·ordered the judgment of conviction to be executed, and dismissed a second indictment against the appellant for the same offense, and he appeals from those orders.

But there is no appeal from the judgment on the verdict. The circuit court had jurisdiction of the person of the appellant, and the offense for which he was convicted.

And if he had, upon his arraignment, moved to set aside the indictment, it would have been the duty of the court on the facts disclosed to have sustained the motion. And we must presume the court would have discharged its duty.

Section 158, Criminal Code, authorizes a motion to set aside an indictment for a substantial error in the summoning or formation of the grand jury. And this court has recently held that the jury commissioners should be allowed to select competent jurors from the whole body of citizens of the county, without regard to race or color.

But the commissioners, and the sheriff when he acts in their stead, are not bound to select negro jurors, simply because they belong to that race, any more than they are bound to select white jurors. And they are not required to select any particular person or class of persons for jury service, as neither race has *a right* to serve on a jury, but it is *a duty* which the state may require of them, as well as annex qualifications to the juror. The only right the citizen has relative to this subject is not to be by the law denied the possibility of selection on account of race or color, if he be otherwise competent.

The state has the power to establish the qualifications of jurors, and whether an unqualified juror belongs to one race or another, he has no right to be selected as a juror, and ought not to be selected.

The appellant did not move to set aside the indictment. And according to the principles laid down in the case of Commonwealth v. Smith *et al.*, 10 Bush, 476, he waived

Haggard v. Commonwealth.

any error that may have existed, and which could have been reached by such motion.

He might also, by challenging the panel, have caused the exclusion of all the standing jurors from the trial jury under the provisions of sections 199 and 200 of the Criminal Code, for the same cause he now assigns for a discharge from his conviction.

But he did not avail himself of any of these provisions of law, which would have afforded him ample relief, had he but sought it, and he must, like any other citizen, be deemed to have waived the error in the formation of the grand and petit juries.

The question under consideration does not involve a constitutional right which the appellant was unable to waive—

1st. Because the court had jurisdiction of his person, and of the offense ;

2d. The laws of this state, as recently construed, are equal and uniform as to all citizens relative to the selection of jurors; and

3d. There was a substantial and fair trial by a jury composed of persons possessing proper qualifications of jurors, although irregularly selected, on a good indictment, found by a grand jury similarly qualified and chosen.

The amendments to the constitution of the United States, in conferring civil rights and citizenship upon negroes, do not invest them with exclusive rights or privileges not accorded to other citizens.

And as the laws of Kentucky gave him the right to move to set aside the indictment, and to challenge the panel from which the trial jury was drawn, on the ground of irregular selection, and as he was afforded an opportunity to do so by

the court upon his arraignment, he cannot, by invoking the power of the great writ of *habeas corpus*, through the instrumentality of a police judge, destroy the solemn judgment of a court governed by equal laws, possessed of ample jurisdiction, and where the error in the selection of the juries could have been corrected if it had been asked, and where the rights of the appellant have not been denied against his consent.

Wherefore, the judgment of the circuit court disregarding the usurpations of the police judge, and dismissing the second indictment, is affirmed.