CASE 110—ACTION BY ALBERT BARIES AGAINST THE LOUISVILLE ELECTRIC LIGHT COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—MAY 3, 1904.

# Baries v, Louisville Electric Light Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION, NO. 2—THOS. R. GORDON, JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

PERSONAL INJURY—SMALLNESS OF VERDICT—FAILURE TO PLEAD SPECIAL DAMAGE—VERDICT FOR DEFENDANT—LEGAL EFFECT—ELECTRIC LIGHT WIRE—NEGLIGENT INSULATION—PAINTING OF BUILDING— NOTICE TO COMPANY—CUSTOM—ADMISSIBILITY OF EVIDENCE— PREJUDICIAL ERROR.

1. Under Code Civ. Prac., sec. 341, providing that a new trial shall not be granted on account of the smallness of the damage in an action for an injury to the person or reputation, nor in any other action in which the damages equal the actual pecuniary injury sustained, a verdict and judgment for one cent for personal injuries resulting in loss of time worth about $800 may be reversed.

2. Plaintiff in a personal injury action alleged that he had been and was unable to do any kind of work. The evidence showed that the time lost to him in consequence of his injury would equal more than $800. The jury gave him a verdict of one cent. HELD, that, as he had not pleaded special damages, he was not entitled to a reversal because of the smallness of the damages.

3. A verdict of one cent. for personal injury consisting of a withered arm, from which plaintiff appeals, will be treated by the court of appeals, in considering the errors alleged, as one for appellee.

4 An electric light company, whose failure to properly insulate its wire on a building results in injury to a house painter at work thereon, is not relieved from the consequences of its negligence because the painter's employer knew that the company desired

to cut the wire when that portion of the building was to be painted, or because there was a custom that contractors should notify the company when working on houses to which its wires were attached so they could be cut, though the company received no notice in this instance.

5. Where an electric light company had actual notice that house painters were at work on a building to which its wires were attached, evidence of a custom to give it notice of the fact so the wires could be cut is inadmissible in an action by a painter for injury from a defectively insulated wire.

6. The improper admission of evidence in a house painter's action against an electric light company for injuries from a defectively insulated wire on the building he was painting, that a custom existed to notify the company that painters were at work so its wires could be cut, is ground for reversal.

7. Where an employe of an electric company, whose business it was to look after removing the electric current from houses that were being painted, knew that painters were at work on a certain house, his knowledge was notice of such fact to the corporation.

BENNETT H. YOUNG, ATTORNEY FOR APPELLANT.

1. The appellant was permanently injured by contact with a live wire of appellee. In addition to damages, he sued for loss of time, proving fifty-four weeks at $15 per week, or $810.00. The jury found for the plaintiff and awarded him one cent.

The case does not fall within that part of section 341 of the Civil Code, which provides that mere smallness of damages for injury to person or reputation shall not be the ground for a new trial, but comes within the second clause which declares that a new trial shall be allowed when the award does not equal "pecuniary damages sustained." Henderson v. Louisville Railway Company, 22 Law Rep., 776.

2. The court erred in admitting evidence of notice to the employer and fellow workmen of appellant of danger from said wires, and that appellee desired to cut off same before work was done around them.

There is no plea of fellow servant's negligence as a defense.

3. The only question that should have been submitted to the jury, was whether or not appellant was guilty of contributory negligence as the defendant's evidence shows that the insulation was not perfect. McLaughlin v. Louisville Electric Light Co., 100 Ky., 173.

O'NEAL & O'NEAL, ATTORNEYS FOR APPELLEE.   R. L. GREENE, OF
COUNSEL.

From the evidence the following propositions are shown to be
true:

1. Appellant was an old experienced painter.

2. He knew there existed in this city a uniform, well under-
stood custom, by which the painters of houses gave notice when
they wished the current cut off from the electric wires, and the
company relied on this, and could not know in any other way
when it should be cut off.

3. The wire was hung where the public could not come in con-
tact with it, and it was protected by the best known insulation.

4. The accident was wholly caused by the careless act of ap-
pellant who allowed the metal hook of his ladder to cut and wear
into the wire, and cause the current to burn the wire in two.

5. The instructions were more favorable to the appellant than
he was entitled to under the evidence.

6. There is no issue as to loss of time, or as to wages lost, or
other special damage.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The arm of appellant has withered and become useless by
coming in contact with a live wire of appellee. It occurred
while painting on a house to which the wire was attached.
Appellant claims that he received the injury by reason of
appellee's negligence in not having the wire properly in-
sulated. This was the question of fact at issue on the trial
of the case. The jury returned a verdict for the appellant,
and fixed his damages at one cent. He asks a reversal on
the grounds (1) that the verdict fixing damages is flagrantly
against the weight of the evidence; (2) that the court erred
to his prejudice in the admission of evidence.

It is the contention of appellee that under section 341,
Code Civ. Prac., the judgment can not be reversed because
of the smallness of damages in an action for an injury to
the person. The evidence shows that he was earning and
could earn at his trade as a painter $15 a week, and that the

time lost in consequence of his injury would equal a sum greater than $800. The loss of time resulting from a personal injury is a pecuniary loss in contemplation of section 341, and it is a ground for reversal if the verdict is for the plaintiff, and it does not award damages to cover such pecuniary loss. Taylor v. Howser, 12 Bush, 468; Ray v. Jeffries, 86 Ky., 367, 9 R., 602, 5 S. W., 867; Stroh v. South Covington & Cincinnati Street Ry. Co. (opinion delivered March 23, 1904) 25 R., 1868, 78 S. W., 1120. This court has repeatedly held that special damages must be pleaded. It was not sufficiently done in this case. It is averred in the petition that since the plaintiff received the injury he "has been and is unable to do any kind of work." The averment is not sufficient; hence the appellant is not entitled to a reversal because of the smallness of damages. Ray v. Jeffries; Stroh v. South Covington & Cincinnati Street Ry. Co., *supra;* Jesse v. Schuck, 12 S. W., 304, 11 Ky. Law Rep., 463. While it is stated by the jury that the verdict is for the plaintiff, it was, in effect, one for the defendant. It can not be believed that any jury would so lack in judgment and proper appreciation of the serious loss resulting from a withered arm as to believe that one cent would compensate the injured party. In determining whether or not appellant was prejudiced by the admission of improper evidence, we will consider its effect the same as if the verdict had been for the appellee. At the time of the injury appellant was in the employ of McKelvey, who had the contract for painting the house. It is contended that the court erred in admitting evidence that McKelvey and some of his employes had notice that appellee desired to cut the wire, when the painting should progress far enough for the men to work on that portion of the building where the

wires were situated. Such evidence would be incompetent, as it would be allowing appellee to show the negligence of appellant's employer to exonerate it from a liability for negligence which was the proximate cause of the injury. The neglect of McKelvey was not a contributory act imputable to the appellant. If appellee was negligent in failing to properly insulate its wire at the place where appellant had the right to be in the discharge of his duties, it certainly could not be relieved of the consequence of its negligence because some one other than the appellant might have by performing a duty prevented the injury. While there is no evidence that such notice was given to McKelvey, evidence was admitted to show a general custom prevailed which required contractors to notify appellee they were working on a house to which its wires were attached, and when this was done it always cut the wires. This evidence was intended to show that there was a duty upon appellant's employer or himself to give the appellee notice that work was being done on the house. If that custom required the employer or his foreman to give such notice, their failure to do so could not release the appellee from the consequences of its negligence in failing to properly insulate the wires. If such evidence is admissible under any circumstances, it was not in this case, because the appellee introduced evidence showing it had notice the day before the accident that the painters were at work on the house where the accident happened, and Mr. Kinkead, one of its electricians, testified that appellee cut the wires on houses when it had such information. It is the purpose of the notice that men are at work where appellee has its wires to give it an opportunity to cut them. If it had the notice, then the evidence of the general custom (if evidence of it is admissible in any case) was not admissible in this case, for, if it had been followed,

Baries v. Louisville Electric Light ·Co.

the appellee would have been told a fact of which it was already apprised. Besides, the evidence, taken in its entirety, did not show that there was any general custom which could impose a duty upon an ordinary employe of a contractor to give such notice. The admission of the evidence as to the general custom was prejudicial to the rights of the appellant. In giving instructions to the jury the court seems to have followed McLaughlin v. Louisville Electric Light Co., 100 Ky., 173 18 R., 693, 37 S. W., 851, 34 L. R. A., 812, and other cases to the same effect.

The judgment is reversed, with directions for proceedings consistent with this opinion.

Response to petition for rehearing by Judge Paynter.

Counsel seems to think the court was in error in stating that appellee introduced evidence showing that it had notice the day before the accident that the painters were at work on the house where it happened. This is substantially correct, because John Showalter, an employe of appellee, whose business it was to look after the matter of having the electric current taken from houses that were being painted, testified that the day before the accident he knew the painters were at work on the house. His knowledge was the knowledge of the company, and the knowledge it had was equivalent to notice.

The court does not want to be understood as holding that it is not competent to prove the general custom which existed in Louisville, which required painters, or their foreman, to give the electric light company notice that they are engaged in painting a house to which its wires are attached. The court simply held that in view of the fact that it had notice that the painters were at work on the house, and the further fact that Mr. Kinkead, the company's electrician, testified that it was a rule of the company to take the

electric current from a house when it had notice that the painters were at work on it, the proof of the custom was rendered incompetent.