## Schmidt v. Kentucky River Mills.

(Decided February 7, 1911.)

### Apppeal from Franklin Circuit Court.

1. Verdict—Mental or Physical Suffering—Damages—Adequacy—Discretion of Jury.—Where a recovery is sought solely for mental or physical pain or suffering, or where the action is to recover damages for the death of a person, and there is no evidence upon which to base an opinion as to the pecuniary loss suffered by his or her estate, the verdict of the jury will not be disturbed upon the sole ground that it is inadequate.

2.  The assessment of the amount of damages in cases of this sort
    is peculiarly within the discretion of the jury.

SCOTT & HAMILTON for appellant.

B. G. WILLIAMS and D. W. & T. N. LINDSEY for appellee

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Anna Schmidt was in the employ of the Kentucky
River Mills as a baller, her business being to run the
twine from the spindle on to a part of the machinery to
make a ball of twine. In operating the machine the baller
used a hook in getting the twine properly on the ball. A
man named Macanally was also a baller. He wished to
go out and got a boy named Roy Jones to operate his
machine for him while he was gone. While Roy Jones
was operating his machine, the hook which he held to
direct the twine in some way got snatched out of his
hand by the twine and was thrown by the machinery in
the direction of Anna Schmidt striking her in the eye
and putting her eye out. She brought this suit against
the company to recover for her injury, and a verdict and
judgment having been entered in her favor for $700, she
appeals.

The court gave the jury several instructions asked by
the defendant telling them that if certain facts existed
they should find for the defendant. It is insisted for
the plaintiff that these instructions were erroneous, and
should not have been given. We need not consider
whether the instructions were proper or not. The jury
found the defendant guilty of negligence. By their ver-
dict they in effect found that none of the facts set out in
the instructions complained of, existed. In the case of
Netter's Adm'r v. Louisville Ry. Co., 134 Ky., 685, a
similar question was made as to one of the instructions,
where the jury had found for the plaintiff. The court
held the instruction erroneous but affirmed the judgment,
saying:

"The omission in the instruction could only have
weighed with the jury in considering whether or not the
defendant was guilty of negligence, and, as this point
was decided in favor of the plaintiff, it is clear that the
instruction was not prejudicial, and that the failure to
direct their attention to the speed at which the car was
running did not influence the jury in reaching the conclu-

sion that the accident could have been avoided. Before the jury could find for the plaintiff in any sum, they must have agreed that the defendant company was guilty of negligence, and, having so agreed, the next question was the amount to be awarded.'' (To the same effect see Nelson v. Terry, 22 R., 111; Sear's Admr v. L. & N. R. R. Co., 22 R., 152; Eversole v. White, 112 Ky., 193; Weldon v. Finley, 31 R., 1050.)

No complaint is made as to the instruction on the measure of damages which was given as asked by the plaintiff, but it is insisted that the verdict should be set aside because of the smallness of the damages allowed. Section 341 of the Civil Code provides that a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or in any other action in which damages equal the actual pecuniary injury sustained. In Netter's Admr v. Louisville Ry. Co., 134 Ky., 678, there had been a verdict for $500 for the death of a child twelve years old. Refusing to grant a new trial on account of the smallness of the damages under the section of the Code above quoted, this court after reviewing its previous decisions, said:

''Adopting and following the reason of these cases, we are of the opinion that, in an action to recover damages for loss of life, a new trial might be granted if there was evidence showing even approximately the pecuniary loss the estate of the deceased sustained, and it appeared that the amount assessed was wholly insufficient as compensation. And the same rule would apply in an action for an injury to the person if there was evidence showing the amount of the pecuniary loss the injured person had sustained by reason of his injuries in being deprived of the ability to follow his vocation in life, or otherwise unfitted for the performance of such services as he might have rendered except for his injuries and this, independent of the amount sought to be recovered as special damages as for lost time or expenses in effecting a cure. But, where a recovery is sought solely for mental or physical pain or suffering, or where the action is to recover damages for the death of a person, and there is no evidence upon which to base an opinion as to the pecuniary loss suffered by his estate, the verdict of the jury will not be disturbed upon the sole ground that it is inadequate.

In the case before us there is no evidence upon which to base an opinion as to the pecuniary loss suffered by the injured person, from which we can say with certain-

ty that her actual pecuniary loss exceeds $700. The assessment of the amount of damages in cases of this sort is peculiarly within the discretion of a jury, and there is much less ground for disturbing the verdict of the jury here than in the case quoted from.

Judgment affirmed.