## Rossi v. Jewell Jellico Coal Company.

(Decided February 10, 1914.)

### Appeal from Whitley Circuit Court.

1. New Trial—Grounds—Inadequacy of Damages—Civil Code, Section 341.—Section 341 of the Civil Code of Practice, providing that a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in which the damages equal the actual pecuniary injury sustained, does not apply to actual pecuniary damages resulting directly from a wrong, which are capable of being measured, such as special damages for lost

time, medical bills, etc., but where such damages are alleged and proved, and the damages allowed by the jury are wholly inadequate, a new trial will be granted.

2. New Trial—Grounds—Inadequacy or Damages—Civil Code, Section 341.—Where no items of special damages are alleged and proved, but a recovery is sought for general damages, such as mental and physical suffering and permanent impairment of power to earn money, Section 341 of the Civil Code applies with full force, and a new trial will not be granted on account of the smallness of the damages.

3. Damages—Personal Injuries—Instructions.—An instruction authorizing a finding in favor of the defendant in case the jury believe certain facts exist is erroneous though not prejudicial, where there is a finding in favor of plaintiff.

H. C. GILLIS, B. B. SNYDER and J. B. SNYDER for appellant.

J. N. SHARP and TYE & SILER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONERS—Affirming.

In this action for damages for personal injuries, plaintiff, Umberto Rossi, obtained a verdict and judgment against the defendant, Jewell Jellico Coal Company, in the sum of $500. Claiming that the damages are grossly inadequate, and that one of the instructions is erroneous, plaintiff prosecutes this appeal.

Defendant operates a coal mine in Whitley County. The cross entry had been driven 35 or 40 feet. From this entry the coal had been removed. According to plaintiff's evidence, ten inches of slate and two feet of rock from above the coal had been shot down and removed from this entry for a space of about 25 or 30 feet. The top slate and rock had not been removed from the head of the entry. From the head of the entry an air course was being driven in each direction at right angles. The portion of the cross entry from which the top had been brushed down was thus common to both the cross entry and the air course. Plaintiff and his "buddie" were directed to drive the air course, plaintiff working to the right and the buddie to the left of the cross entry. When the foreman took plaintiff to this place and set him to work, plaintiff told the foreman that it was unsafe, and to have the slate in the cross entry shot down. The foreman replied that it was safe. Plaintiff then proceeded to drive the air course on his side. He had fired one or

two shots and removed four or five feet of coal, and his buddie had removed a similar amount on the other side of the cross entry. On .the morning of the accident the foreman was present and examined the place from which the slate fell. He pronounced it safe and told the men to proceed with their work. Plaintiff also examined it and thought it was all right, though he suggested to the foreman to remove the slate. The foreman replied that he knew more about the mine than plaintiff. . Claiming that he relied on the statements of the foreman that the place was safe, and obeying his directions to go ahead with the work, plaintiff proceeded to fire other shots, which he had partially prepared when the foreman was present. After firing the shots, he loaded two cars of coal. After doing this he took his pick and started under the slate in the cross entry, and was proceeding to sound it to see if it was safe when it fell on him and injured him.

According to the evidence for the defendant, the slate that injured plaintiff was not located at the head of the cross entry, but at the head of the air way, and did not extend to the right rib of the cross entry. Defendant's evidence further tends to show that plaintiff himself mined and removed the coal from under the slate which fell on him.

The case was submitted to the jury on two theories: (1) Failure of defendant to use ordinary care to furnish plaintiff a reasonably safe place in which to work; (2) assurance of safety after an examination and test by the foreman. As before stated, the jury found for plaintiff and awarded him $500 damages.

The evidence shows that plaintiff's left leg was broken in two places and his right leg in four places. The bones of the right leg were also shattered. For seven or eight months he was compelled to walk on crutches. At the time of the trial he was unable to work. His right leg was shown to be two and one-half inches shorter than his left leg. In view of the severe character of plaintiff's injuries, and of the further fact that the sum allowed by the jury was not even sufficient to compensate him for time lost up to the date of the trial, it is insisted that a new trial should have been granted because the damages are grossly inadequate.

Section 341 of the Civil Code provides:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the

person or reputation, or in any other action in which the damages equal the actual pecuniary injury sustained; nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence.''

In construing this section it has been held not to apply to actual pecuniary damages resulting directly from a wrong, which are capable of being measured. This exception, however, is confined to special damages, such as physicians' bills, medical bills, lost time, etc., when properly pleaded and proved. In such cases, if the jury disregards the evidence and the law, and finds for the plaintiff a sum wholly insufficient to compensate him for the special damages actually alleged and proved, a new trial should be granted. Ray v. Jeffries, 86 Ky., 367; Taylor v. Houser, 12 Bush, 465; Jesse v. Shuck, 11 Ky. L. R., 463, 12 S. W., 304; Baries v. Louisville Electric Light Co., 118 Ky., 830. In the present case no items of special damage were alleged or proved. Plaintiff sued merely for pain and suffering and the permanent impairment of his power to earn money. These items constitute general damages, Cumberland Tel. & Tel., Co. v. Overfield, 127 Ky., 548, and not being susceptible of accurate measurement, it is for the jury to fix the amount. As to such damages the section of the Code *supra* applies with full force. Baries v. Louisville Electric Light Co., *supra;* Schmidt v. Ky. River Mills, 142 Ky., 80.

But it is insisted that one of the instructions is erroneous, and this, coupled with the inadequacy of the damages, is sufficient to authorize a reversal. By the instruction complained of the jury were told to find for the defendant if they believed that certain facts existed. We need not consider whether the instruction was proper or not. The jury found the defendant guilty of negligence. By this verdict they in effect found that none of the facts set out in the instruction complained of existed. It is clear, therefore, that the instruction was not prejudicial. It could have been prejudicial only in the event of a finding for the defendant. This precise question was before the court in Netter's Admr. v. Louisville Ry. Co., 134 Ky., 678, where the court said:

'' 'The omission in the instruction could only have weighed with the jury in considering whether or not the defendant was guilty of negligence, and, as this point was decided in favor of the plaintiff, it is clear that the in-

struction was not prejudicial, and that the failure to direct their attention to the speed at which the car was running did not influence the jury in reaching the conclusion that the accident could have been avoided. Before the jury could find for the plaintiff in any sum, they must have agreed that the defendant company was guilty of negligence, and, having so agreed, the next question was the amount to be awarded.' (To the same effect see Nelson v. Terry, 22 R., 111; Sear's Admr. v. L. & N. R. R. Co., 22 R., 152; Eversole v. White, 112 Ky., 193; Welson v. Finley, 31 R., 1050.)''

The case of Pendly v. I. C. R. R. Co., &c., 28 Ky. L. R., 1324, does not announce a contrary doctrine. In that case, besides inadequacy of damages, there was error in the instructions and also in the method of empanelling the jury.

Judgment affirmed.