## Conder, et al. v. Ledford.

(Decided December 1, 1915.)

### Appeal from Lincoln Circuit Court.

1. New Trial—Inadequate Damages—Section 341, Civil Code.—Where no special damages are pleaded but only general damages are sought, section 341 of the Civil Code applies, and a new trial will not be granted on account of the smallness of damages allowed in the absence of some other error in the record.

2. Contracts—Breach—Instruction—Error.—Where, in a suit for the purchase price of timber, sold under a contract warranting suitable roadways for removing the timber, defendants counterclaimed for damages growing out of alleged breach of warranty

as to roadways, it was not error to refuse an instruction authorizing a finding for defendants if plaintiff, at the time of sale, had no right of way over the land of a certain party, in view of evidence to the effect that there was another suitable roadway for removing the timber.

J. S. OWSLEY, JR., and K. S. ALCORN for appellants.

J. B. PAXTON, R. M. ROTHWELL and JOHN D. ATKINSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, F. B. Ledford, sold to defendants, P. M. Conder and B. D. Holtzclaw, the merchantable timber on two tracts of land lying in Powell county, Kentucky, for the sum of $2,800, of which sum $600 was to be paid in cash, and the balance in four equal installments evidenced by notes maturing four months apart. The contract contained the following provision:

"The party of the first part warrants and defends that the second party has suitable roadways to remove the aforesaid timber."

Plaintiff brought suit on the notes and the defendants, by counter-claim, asked damages in the sum of $10,000, because of plaintiff's alleged failure to furnish them a suitable roadway for removing the timber from one of the tracts. A trial before a jury resulted in a finding of $100 damages in favor of defendants, which sum was credited on the notes sued on and plaintiff given judgment for the balance. Defendants appeal.

The land on which the timber was located had, prior to the sale thereof, been divided by plaintiff among certain of his children. In making the division he executed deeds, reserving for himself the timber growing on the respective tracts with the privilege of removing it at any time within five years. In each deed he reserved the right of way over which to remove the timber. The timber sold to the defendants was on the Maples tract and the Noe tract. Under defendants' contract, they were to remove the timber from the Noe tract within one year, and the timber from the Maples tract within two years, from May 1st, 1913, the date of the contract.

According to the evidence for defendants, the only practicable route from the Maples tract was across the Noe land. Conder says that Noe always claimed that

defendants had no right to go across his land, and on one occasion told him that they could not go across without pay.

Plaintiff's evidence is to the effect that it was not necessary to go over the Noe land to get the timber from the Maples tract, but that there was another practicable route; that the Noes did not prevent defendants from passing over their land. On the contrary, plaintiff paid the Noes $50 for the privilege. The Noes gave their depositions on February 6th, 1914, and stated that they had never prevented defendants from going over their land, but were willing for them to go so long as the contract lasted. On March 12th, 1914, the Noes tendered to defendants a deed to a right of way over their land. The evidence for plaintiff further tends to show that defendants were not prevented from removing their timber by any conduct of the Noes, but that the delay in removal was due entirely to the fact that the contractors who had agreed to remove it were not paid by defendants and stopped work.

The value of the timber on the Noe tract was estimated at from $500 to $4,000.

Defendants insist that the damages allowed are entirely disproportionate to the injuries shown. Section 341 of the Civil Code provides:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in which the damages equal the actual pecuniary injury sustained; nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence."

In construing this section it has been held not to apply to actual pecuniary damages resulting directly from a wrong, which are capable of being measured. This exception, however, is confined to special damages, such as physicians' bills, medical bills, lost time, etc., when properly pleaded and proved. In such cases, if the jury disregards the evidence and the law, and finds for the plaintiff a sum wholly insufficient to compensate him for the special damages actually alleged and proved, a new trial should be granted. Ray v. Jeffries, 86 Ky., 367; Taylor v. Houser, 12 Bush, 465; Jesse v. Shuck, 11 Ky. L. R., 463, 12 S. W., 304; Baries v. Louisville Electric Light Co., 118 Ky., 830. In the present case no special dam-

age was alleged or proved. The damages sought are general damages, and not being susceptible of accurate measurement, it is for the jury to fix the amount. As to such damages the foregoing section of the code applies with full force and a new trial will not be granted on account of the smallness thereof in the absence of some other prejudicial error in the record. Rossi v. Jewell Jellico Coal Company, 157 Ky., 332; Schmidt v. Ky. River Mills, 142 Ky., 80.

It remains to consider whether or not the trial court committed any other error prejudicial to the substantial rights of defendants. Our attention has not been called to any alleged error in the admission or rejection of evidence. Nor are the instructions which were given by the trial court complained of. Aside from the smallness of the damages allowed, the only other error relied on is the failure of the trial court to give the following instruction:

"The proof in this case establishes as a fact that at the time when plaintiff Ledford sold the timber to the defendants, Holtzclaw & Conder, he had no right of way over the lands of Nathan Noe and wife to haul to market the timber from the Maples tract of land. You will, therefore, find for the defendants on their counter-claim such a sum in damages as you believe from the evidence was the difference, if any, between the value of the timber on the Maples tract of land if he had owned such right and what would have been the value of the timber to defendants without such right to haul over Noe's land.

"If your verdict be for defendants on their counter-claim, you will direct in your verdict that the amount of damages assessed by you be credited on the notes sued on herein."

This instruction was properly refused. The contract of sale merely warranted that the defendants had suitable roadways for removing the timber. It did not warrant any roadway over the Noe land. There being evidence to the effect that there was another suitable roadway from the Maples tract, it would have been error to permit the defendants to recover on the sole ground that at the time of the execution of the contract plaintiff had no suitable roadway over the Noe tract.

Judgment affirmed.