## Outland v. Dayer.

(Decided October 10, 1930.)

J. B. ALEXANDER for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

The appellant and plaintiff below, M. E. Outland, is a young man about 24 years of age. He with others made a trip from Paducah, Ky., to Tulsa, Okl., in the Buick automobile of appellee and defendant below, A. E. Dayer, who also drove it. On the return trip, which was made in the same car by plaintiff and defendant alone, an accident happened near Sullivan, Mo., whereby the automobile ran off the road while rounding a curve, and threw plaintiff in a ditch by the side of the road with the overturned automobile astride the ditch above him, resulting in lacerating the inside part of his lower lip and fracturing a rib or so, and otherwise jarring and shaking him. He was an invitee of defendant and he later filed this action in the McCracken circuit court to recover damages for his injuries on the ground that they were inflicted through the negligent and careless operation of the car by defendant. The general damages were laid in his petition at $5,000, plus special damages for physicians and hospital bills and loss of time aggregating $1,205, and he prayed judgment for the total sum of $6,205.

The answer denied the material averments of the petition and pleaded contributory negligence as well as

unavoidable accident, both of which were controverted, and upon trial there was a verdict in favor of plaintiff for the sum of $500, and his motion for a new trial having been overruled, he prosecutes this appeal, urging as errors sufficient to authorize a reversal (1) the giving to the jury of instruction M at the request of defendant. over his objections and exceptions, and (2) that the reduced amount of damages as represented by the verdict was not sustained by the evidence, since, as claimed, the special damages sought to be recovered were proven to have been much larger than the verdict and in returning such a reduced amount the jury disregarded the testimony heard at the trial, each of which will be considered and determined in the order named.

1. In pleading the nonliability of defendant for the injuries to plaintiff, it was stated in the answer that the accident was the result of the sudden breaking of one of the rear wheels of the automobile because of an undiscoverable defect for which defendant was not responsible, and that plaintiff, before the ditching of the car, himself grabbed the steering wheel in the hands of the defendant, and thereby caused the automobile to leave the road and to enter the ditch by the side of it. There was evidence to support both those defenses and the instruction M complained of said, in substance, that if the jury believed that such facts happened, and but for which the accident would not have occurred, then defendant was not responsible and the jury should find for him.

We feel that it is unnecessary for us to determine the propriety of that instruction, or whether or not it was correct, since the jury by its verdict disregarded it and found for plaintiff, thereby in effect saying that they rejected both of those defenses as untrue. We will therefore dismiss this alleged error without further discussion.

2. Plaintiff was returned to Paducah the next day after the accident and remained in a hospital for three and a half or four days when he went to his boarding house, and in telling how long he remained there he said:

"I was up there quite a while. I was in bed except long enough to go to the doctor for about three weeks, I guess.

"Q. How much time have you lost from your work, if any? A. 12 weeks."

He testified that he was earning at his employment $35 per week, and on being asked how much actual expenses he had incurred "on account of your injuries," he answered: "$340.00." He did not testify as to the amount of his physician's bill (there being only one), nor did he in any way refer to his hospital bill or medical bill, if any. However, his physician testified that his bill was $200, without any statement that it was reasonable, and which is the measure of defendant's liability therefor. It may be that the bill of the physician for $200 was and is reasonable, but there was no proof to that effect. Plaintiff testified generally that he lost about twelve weeks of time from his employment, although the proof shows that he was up and going about at least a considerable portion of the time after he left the hospital.

The entire testimony as to the actual outlay of expenses as a result of plaintiff's injuries was as we have indicated, but which does not include mental and physical suffering on account of consequential effects, and to which plaintiff testified, but which latter comes within the purview of section 341 of the Civil Code of Practice, saying: "A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in which the damages equal the actual pecuniary injury sustained." In a great number of cases cited in the notes to that section it will be found that it does not relate to specially pleaded and proven damages because of actual expense incurred for the material reduction of which by the verdict a new trial will be granted when contrary to the uncontradicted testimony with reference thereto. One of the latest cases so holding, and in which others are cited, is Rossi v. Jewell Jellico Coal Co., 157 Ky. 332, 163 S. W. 220. Other prior ones will also be found in the notes referred to.

It is therefore argued by plaintiff's counsel that the verdict in this case was much less than the proven actual pecuniary and special damages sought to be recovered, and for which reason his client was entitled to a new trial, and that the court erred in overruling his motion therefor upon that ground. If the uncontradicted proof, express and circumstantial, sustained that contention, counsel would no doubt be correct. But, although twelve weeks' loss of time at $35 per week, plus $340 to which plaintiff testified in a general way as expenses incurred, exceeded $500, yet, as we have seen, no amount of hospi-

tal bills or medical bills was testified to, nor was the reasonableness of the physician's bill established, and the proven and admitted facts as to plaintiff's confinement contradicted his express statement with reference thereto, and according to our view of the record the jury were authorized to conclude, as they did, that the actual pecuniary damages sustained by plaintiff, and for which he was entitled to recover, did not approach the sums averred in the petition, nor did the proof show them to be exceeding the amount of the verdict. We therefore conclude that the facts of this case do not bring it within the rule announced in the Rossi case, supra, and others in line with it, and for which reason alleged error (2) should be disallowed.

Having so concluded, it results that the judgment should be, and it is, affirmed.