## Galliaer v. Southern Harlan Coal Company.

(Decided Oct. 14, 1932.)

(As Extended on Denial of Rehearing March 24, 1933.)

G. G. RAWLINGS for appellant.

WM. SAMPSON and E. T. MAYHAN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Appellant was a coal miner in the service of appellee, and was injured by a block of slate falling upon him in the mine. He brought this suit to recover for his injury, and on the trial of the case he recovered a verdict for $6,000. The coal company appealed to this court, urging a number of grounds for reversal. The judgment was reversed for an omission in one of the instructions and misconduct of the plaintiff's attorney in arguing the case to the jury. All other questions were reserved. The facts of the case are stated in that opinion. Southern-Harlan Coal Co. v. Gallaier, 240 Ky.

106, 41 S. W. (2d) 661. On the return of the case to the circuit court, it was tried again, and resulted in a verdict for $500 in favor of the plaintiff. The plaintiff's motion for a new trial having been overruled, he appeals, urging the following grounds for reversal:

(1) The verdict is inadequate and should be set aside. In Rossi v. Jewell Jellico Coal Co., 157 Ky. 334, 163 S. W. 220, 221, where the same objection was made, this court said:

"Section 341 of the Civil Code provides:

" 'A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in which the damages equal the actual pecuniary injury sustained; nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence.'

"In construing this section it has been held not to apply to actual pecuniary damages resulting directly from a wrong, which are capable of being measured. This exception, however, is confined to special damages, such as physicians' bills, medical bills, lost time, etc., when properly pleaded and proved. In such cases, if the jury disregards the evidence and the law, and finds for the plaintiff a sum wholly insufficient to compensate him for the special damages actually alleged and proved, a new trial should be granted. Ray v. Jeffries, 86 Ky. 367, 5 S. W. 867, 9 Ky. Law Rep. 602; Taylor v. Howser, 12 Bush, 465; Jesse v. Shuck, 11 Ky. Law Rep. 463, 12 S. W. 304; Baries v. Louisville Electric Light Co., 118 Ky. 830, 80 S. W. 814, 85 S. W. 1186, 25 Ky. Law Rep. 2303, 27 Ky. Law Rep. 653. In the present case no items of special damage were alleged or proved. Plaintiff sued merely for pain and suffering and the permanent impairment of his power to earn money. These items constitute general damages (Cumberland Tel. & Tel. Co. v. Overfield, 127 Ky. 548, 106 S. W. 242, 32 Ky. Law Rep. 421), and, not being susceptible of accurate measurement, it is for the jury to fix the amount. As to such damages, the section of the Code, supra, applies with full force. Baries v. Louisville Electric Light Co., supra; Schmidt v. Ky. River Mills,

142 Ky. 80, 133 S. W. 1142. To same effect see Conder v. Ledford, 167 Ky. 137, 180 S. W. 77: Outland v. Dayer, 235 Ky. 492, 31 S. W. (2d) 725, and cases cited.''

In this case no items of special damages were alleged in the petition. The petition merely set out the plaintiff's injury, his pain and suffering, and the permanent impairment of his power to earn money. The allegations of the petition are the same in substance as in the case above quoted, and under the well-settled rule the verdict cannot be disturbed on the ground that it is inadequate. In so holding we violate no constitutional right, state or federal, of appellant.

(2) When the case was called for trial, both parties accepted the jury without objection, but, after the verdict was returned, the plaintiff, among other grounds for a new trial, assigned that the proper method of getting the jury into the wheel had not been followed in this. The commissioners got the names from memory, and in fact nineteen out of thirty-six names were not on the assessor's book at all. Section 2247, Kentucky Statutes, among other things, provides:

''And if the name of a juror does not appear on the last returned assessor's book for the county, it shall be a ground for challenge for cause.''

The rule is well settled that a challenge to a juror for cause must be made before the trial. The acceptance of the jury precludes the defendant from thereafter presenting a challenge for cause. This objection to the jury therefore came too late. The assessor's book is a public record. The names of the jury when drawn are also a public record, and, if a litigant wishes to complain, he must complain before the jury is accepted. It was also set out in affidavits and in the motion and grounds for a new trial that the judge had not drawn the jury in open court. But on this question affidavits were filed showing that the jury were regularly drawn in open court. And, however the fact may be, this objection, like the other, was waived by the acceptance of the jury without objection, and could not be presented by the plaintiff after an unsatisfactory verdict had been returned. Haggard v. Com., 79 Ky. 366; Eichman v. South Covington, etc., R. Co., 126 Ky. 519, 104 S. W. 316, 31 Ky. Law Rep. 880.

(3)   The plaintiff offered evidence tending to show that, after he was injured, he was put in charge of the mine doctor, and that the doctor neglected him and thereby caused him great suffering.   But this was special damages that occurred after he was hurt, and according to the evidence continued for some weeks. This special damage should have been averred in the petition, and, not being averred, could not be sued for here.   The evidence does not make it clear whether the doctor was employed by the coal company or by the employees.   There was therefore no substantial error in this matter.

(4)   The defendant testified before the jury as to his injuries and how he was affected thereby.   He introduced several doctors who had examined him, and they testified as to his injuries and the probable effect on him; then the company put on several physicians who testified that they had examined the plaintiff, and they testified to the extent of his injuries.   One of the doctors was then asked this question:

"Q.   Are you willing to take this fellow here and have him lie on his stomach and put pressure on his back, here to the jury.   (Defendant objects. Court sustained objection, plaintiff accepts.   Witness excused.)"

It will be observed that there was no avowal as to what the examination would show if allowed, and no rule is better settled than that a new trial will not be granted for the refusal to admit testimony without an avowal of what the testimony would have shown.   In addition to this, the plaintiff had not only testified as to his injuries, but had introduced several doctors who had examined him and the company had introduced several doctors who had examined him and before whom the plaintiff had exhibited his injuries.   The court has some discretion in matters of this sort, and, in view of the amount of evidence that had been given on these subjects, clearly the discretion of the circuit judge here was not abused.

(5)   At the conclusion of the evidence on both sides, the court gave the jury instructions 1 and 2 as directed by this court on the former appeal, but, at the conclusion of the argument by counsel for the plaintiff and defendant, the court of his own motion gave the jury instruction No. 2½ in these words:

"Although the jury may believe from the evidence that plaintiff was assigned to, or allowed to work at a place in defendant's mine, which under accepted methods of robbing coal, was regarded unsafe or improper, yet if you further believe from the evidence that independent of this, the plaintiff's digging and removal of coal from under the rock or slate which fell on him, was the only and sole cause of plaintiff's injury, then the law is for the defendant and you should so find."

Both sides objected and excepted to the instruction, and both declined to argue the case further, though given the opportunity to do so. It is insisted for the appellant that the instruction was erroneous and that the judgment should be reversed for this. But the jury did not find for the defendant as they were directed to do if they believed the facts to be as stated in the instruction. The plaintiff cannot complain here of the instruction when the jury, under the instruction, found for him. If the jury had found for the defendant under the instruction, a different question would be presented. St. Bernard Mining Co. v. Ashby, 164 Ky. 416, 175 S. W. 626; Morgan v. Bennett, 182 Ky. 499, 206 S. W. 767.

All the instructions must be read together, and this instruction, when read with the others, could not reasonably have misled the jury substantially to the prejudice of appellant.

Judgment affirmed.