## VAUGHN v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 27, 1953.

**614**

J. B. Campbell and Carlos B. Pope, Barbourville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Nathan Vaughn, was found guilty of maliciously shooting and wounding his former wife, Mae Vaughn, with the intention of killing her, and his punishment was fixed at confinement in the state penitentiary for a period of twelve years.

After the divorce had been granted, an indictment for child desertion had been returned against appellant and he had gone to the State of Indiana.

Mae Vaughn lived with her three children, whose ages ranged from four to twelve years, in a little three room house at the narrow head of a hollow where they were hemmed in by mountains. On the morning of August 3, 1951, Mae Vaughn arose early and built a fire in her kitchen stove. She began preparing breakfast and was baking biscuits when she realized that more firewood was needed. She went outside to the woodpile when a noise on the side of the hill attracted her attention. She recognized her former husband Nathan and his brother who were partly hidden in some bushes. Whereupon she turned and walked quickly towards the house but, before she reached the door, Nathan fired two shots, the bullet from one of which entered near her right hip; shattered, and passed through her abdominal cavity in the general direction of her left hip. She fell to the ground when hit and, while she was lying there, other shots were fired, none of which struck her. She testified that it was Nathan Vaughn who fired the second shot which was the one that hit her. Her son, Woodrow Vaughn, aged twelve, testified that he was in the kitchen when the shots were fired and when he reached the door, his mother was down. He testified that he saw his father and his uncle on the hill in front of the house and that he saw his father shoot at his mother while she was lying on the ground. Appellant's defense was in the nature of an alibi.

Although the brief filed in behalf of appellant does not comply with the rule of this court requiring that the points and authorities relied upon be classified in front thereof, we gather from a reading of the entire brief that appellant relies upon the following grounds for reversal: (a) since Mae Vaughn testified that appellant was on a hillside above her home, a bullet which struck her in the right hip, under well-recognized physical laws, could not

travel straight across her body to the left side; (b) that one of the jurors, Bascom Asher, was not qualified to serve; and (c) the jury was improperly permitted to separate before the case was submitted for deliberation.

We find no merit in appellant's first contention because, first, there was no showing of the height of the point where appellant had secreted himself in the bushes on the hillside about thirty yards from the house and, second, there was no proof that the bullet had traversed her body in a direct path.

Dr. Davies who had treated Mrs. Vaughn for the gunshot wound did not testify as to the absolute direction of the bullet through the body. He stated that the bullet shattered; that the bullet entered on the right side of the abdomen just above the top of the hipbone going in the general direction of the left side of her body; that he operated and removed two fragments of the bullet, but one still remained in her body. He did not attempt to fix definitely the exact path of the bullet, and said:

"A. I couldn't say whether that went up or down, because the bowels aren't stationary, and you couldn't,—I don't think anybody could figure that up or down. I couldn't.

"Q. What is your best judgment? A. My best judgment is it kind of went straight into her and across.

"Q. Across her body? A. If not, slightly down, because her broad ligament was injured; went straight across or down."

We are of opinion that this testimony in no way refutes the version of the incident given by Mae Vaughn.

After the trial, and with his motion and grounds for a new trial, appellant filed the affidavit of the tax commissioner of Knox County in which he stated that he had searched the records in his office and that the name of Bascom Asher, one of the jurors, does not appear on the last returned tax commissioner's book for real and tangible property. Subsection (3) of KRS 29.040 reads: "If the name of a juror does not appear on the last returned tax commissioner's book for the county, it shall be cause for challenge."

The rule is well settled that a challenge to a juror for cause must be made before the trial. The acceptance of the juror precludes a person from thereafter presenting such a challenge. In the case at bar, the objection came too late. The tax commissioner's books are public records readily available to one who wishes to determine if a panel has been properly drawn and if a litigant wishes to complain, he must do so before the jury is accepted. Galliaer v. Southern Harlan Coal Co., 247 Ky. 752, 57 S.W.2d 645.

Finally, appellant complains because of an alleged improper separation of the jury. During the trial the court permitted the jury to separate and go to their homes at night after properly admonishing them as to their duties. Appellant's objection to this proceeding was also raised for the first time in his motion and grounds for a new trial, which was too late. McKinzie v. Commonwealth, 193 Ky. 781, 237 S.W. 386.

In any event, it is apparent from the record that the jury were permitted to separate only at times before the case was finally submitted. On the trial of offenses which may be punished capitally or by life imprisonment, the jurors, after they are accepted, are not permitted to separate. On the trial of other felonies, such as the one here involved, the jurors, before the case is submitted to them, may be permitted to separate in the discretion of the court. In these trials, it is only after the case is submitted that the jurors should be kept together in charge of officers. Chaney v. Commonwealth, 149 Ky. 464, 149 S.W. 923; Joseph v. Commonwealth, 303 Ky. 712, 199 S.W.2d 135.

We find no substantial error in the record and the judgment is therefore affirmed.