## Illinois Central Railroad Company v. Sullenger's Administrator.

(Decided October 22, 1914.)

### Appeal from Carlisle Circuit Court.

1. **Railroads—Persons on Tracks—Crossings—Duty to Give Warning.**—Persons crossing the tracks of a railroad company at street crossings have a right to assume that the company will perform its duty by keeping a proper look-out, moderating the speed of the train, and giving timely warning of its approach.

2. **Railroads—Injury to Person at Crossing—Contributory Negligence—Question for Jury.**—The question of proper care on the

part of a traveler crossing the tracks of a railroad company is for the jury.

JOHN E. KANE, THOMAS & WEBB, R. V. FLETCHER and TRABUE, DOOLAN & COX for appellant.

SHELBOURNE & SHELBOURNE and THAD. M. COLLINS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. F. Sullenger was struck and killed by an Illinois Central train. In this action for damages for his death his administrator recovered a verdict and judgment for $1,500 against the company. The company appeals.

The only ground urged for a reversal is the refusal of the trial court to give a peremptory in favor of the company. This contention is based on the assumption that the decedent was guilty of contributory negligence as a matter of law. For a proper consideration of the question a brief review of the evidence will be necessary.

It appears that decedent was killed while attempting to cross the tracks of defendant in the town of Arlington. Arlington is an incorporated town of about 800 inhabitants. The tracks of the company run north and south through the town. The streets of the town run east and west and across the railroad. Milburn Street is in the southern portion of the town. This street is much travelled, and is used by a large number of persons in going from one side of town to the other. The company has two tracks through the town. In crossing Milburn Street south-bound trains run on the west track, while north-bound trains run on the east track. The tracks are perfectly straight, and persons approaching the track from the west have an unobstructed view for a considerable distance. The decedent, who had been a resident of Arlington for several years, was engaged in business on the east side of the track and resided on the west side. In going to and from his residence and place of business he was in the habit of crossing the railroad at Milburn Street. This had been his custom for more than a year prior to his death, which occurred on October 31, 1912. On that evening he was standing between the two tracks and near the east rail of the west track. While some of the witnesses stated that proper signals for the crossing were given, a number of witnesses stated that no

signals of any kind were given. After striking decedent the engine proceeded for a distance of about 432 feet, and was then stopped. Defendant insists that as decedent was at a point on the tracks where he could have seen the approaching train had he looked in that direction, his failure to look constituted contributory negligence. It is therefore insisted that the facts of this case bring it within the rule laid down in Smith's Administrator v. C., N. O. & T. P. R. Co., 146 Ky., 568, where this court upheld the action of the trial court in giving a peremptory in favor of the railroad company. In that case, however, the decedent, Smith, was totally deaf. That being true, he could not rely on the railroad giving proper signals of the train's approach. The only way he had to discover the approach of the train was to use his eyes. Notwithstanding this fact he walked right in front of the approaching train without looking to see if the train was approaching. In the case under consideration the decedent was not deaf. His mere failure to look, therefore, did not constitute contributory negligence as a matter of law; for he had the right to assume that the company would perform its duty by keeping a proper look-out, moderating the speed of the train and giving timely warning of its approach. Were we to adopt the rule contended for by defendant, then in every case the railroad company would be exempt from liability for accidents occurring on crossings. Manifestly, in every case the decedent, if he looked, could see the train which killed him. Such is not the rule. In every case the question of proper care on the part of the traveller depends on a number of circumstances, such as the number of trains passing, the condition of the weather, the speed of the train, the giving of proper signals, etc., and it is therefore uniformly held in cases of this kind that it is peculiarly within the province of the jury to consider all the surrounding circumstances, and say whether or not the traveller was guilty of contributory negligence. C. & O. Ry. Co. v. Warnock's Admr., 150 Ky., 74; L. & N. R. R. Co. v. McNary, 128 Ky., 420, 108 S. W., 902, 17 L. R. A. (N. S.), 224, 129 Am. St. R., 308; C. & O. R. Co. v. Ward's Admr., 145 Ky., 733; Carter v. C. & O. R. Co., 150 Ky., 525. It follows that the trial court did not err in refusing to direct a verdict in favor of the defendant.

Judgment affirmed.