## Chesapeake & Ohio Railway Company, et al. v. Williams' Administrator.

(Decided February 15, 1918.)

### Appeal from Mason Circuit Court.

1. Railroads—Crossing Accident—Negligence—Contributory Negligence.—In an action for the death of a traveler killed at a railroad crossing, evidence held insufficient to show as a matter of law that the decedent was guilty of contributory negligence in that he knew of the approach of the train and attempted to beat it over the crossing.

2. Railroads—Crossing Accident—Contributory Negligence.—In an action for the death of a traveler in a collision at a railroad crossing, the question of his due care depends on a number of circumstances, such as the condition of the weather, the speed of the train, the giving of proper signals, etc., and except in rare instances where there is no conflict in the evidence and reasonable minds can draw but one deduction therefrom, it is uniformly held that the question of contributory negligence is for the jury.

3. Railroads—Crossing Accident—Duty of Traveler—Duty of Driver of Common Carrier.—As between a railroad and the driver, the driver of a vehicle used for the transportation of the public, is not under the duty to keep a lookout for a train approaching a crossing, but merely under the duty to use ordinary care to learn of its approach and to keep out of its way.

4. Railroads—Crossing Accident—Contributory Negligence.—In an action for the death of a driver of a bus caused by a collision with a train at a railroad crossing, evidence examined and the driver's contributory negligence held to be a question for the jury.

5. Trial—Instructions.—It is not error to refuse other instructions where the given instructions fully cover the law of the case.

6.  New Trial—When Granted—Inadequacy of Damages.—Where in an action for death, only general damages are sought by plaintiff and allowed by the jury, a new trial will not be granted on account of the smallness thereof, in the absence of some other prejudicial error in the record.

WORTHINGTON, COCHRAN & BROWNING for appellants.

A. D. COLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Alonzo Williams, administrator, brought this suit against the Chesapeake & Ohio Railway Company and its conductor and engineer, to recover damages for his death. From a verdict and judgment in favor of plaintiff for $1,000.00, the defendants appeal, and plaintiff prosecutes a cross-appeal. The refusal of the trial court to give a peremptory is the only ground urged by defendants for a reversal.

South Ripley, which is a station on the railway company's line, lies opposite the town of Ripley, Ohio. It is a regular stop for accommodation trains but through fast passenger trains do not stop there. Travel between Ripley and South Ripley is by a public ferry across the Ohio river and a public road from the river which crosses the company's tracks about 330 feet east of the station and then turns west and runs by the station. The C. & O. transfer company, which has no connection with the railroad company, operates an omnibus between the town of Ripley and the station. At the time of the accident Williams was the driver of the bus. The bus was about 10½ feet long. The length of that part occupied by passengers was about 7 feet. The front, which was "kind of boxed in," was about 3½ feet in length. The driver sat on a seat about 18 inches deep and overhanging the seat was a roof for his protection. In the bus was a passenger. When the bus reached the crossing it was struck by the railway company's west-bound passenger train No. 5. Williams and the passenger were instantly killed. The train in question, which was not scheduled to stop at South Ripley, was about one and one-half hours late, and from ten to fifteen minutes ahead of an accommodation train which did stop at South Ripley. The bus was on its way to the railway station to meet the accommodation train.

It is conceded that there was sufficient evidence of negligence on the part of those in charge of the train to take the case to the jury, but insisted that the decedent was guilty of contributory negligence as a matter of law. In support of this position, it is argued that there was nothing to obstruct the view of the approaching train and that decedent either saw the train or could have seen it by the exercise of ordinary care, and thereafter endeavored to beat the train over the crossing. The claim that decedent saw the train and endeavored to reach the crossing first, is based on the evidence of four witnesses who state that when decedent was within a few feet of the railroad tracks, he began to whip the team with the lines and when he reached the crossing he had the horses running in an apparent effort to beat the train across. It appears, however, that another witness stated that the horses were walking from the top of the river bank until the crossing was reached. In view of this conflict in the evidence, we can not say as a matter of law, that decedent actually knew of the approach of the train and endeavored to pass over the railroad tracks before the train reached the crossing. Nor can we say as a matter of law that decedent was guilty of contributory negligence in not looking for the approaching train. While we have held in some instances that a failure to look was contributory negligence as a matter of law, an examination of those cases will show that the accident happened at a place where the railroad company was under no duty to keep a lookout, to moderate the speed of the train, and to give reasonable warning of its approach. Stull's Admr. v. Kentucky T. & T. Co., 172 Ky. 650, 189 S. W. 721; Chesapeake & Ohio Ry. Co. v. Hunter's Admr., 170 Ky. 4, 185 S. W. 140. Where, however, the accident happens at a place where the railroad company is charged with these duties, the traveler has the right to act on the assumption that these duties will be performed and a failure to look is not contributory negligence as a matter of law. In such cases the question of proper care on the part of the traveler depends on a number of circumstances, such as the condition of the weather, the speed of the train, the giving of proper signals, etc., and except in rare instances where there is no conflict in the testimony and reasonable minds could draw but one inference therefrom, it is uniformly held that it is for the jury to consider all the surrounding circumstances and

say whether or not the traveler exercised ordinary care to learn of the approach of the train and to keep out of its way. Illinois Central R. Co. v. Sullenger's Admr., 160 Ky. 455, 169 S. W. 858; C. & O. Ry. Co. v. Warnock's Admr., 150 Ky. 74, 150 S. W. 29; L. & N. R. R. Co. v. McNary, 128 Ky. 420, 108 S. W. 902, 32 Ky. Law Rep. 1266, 17 L. R. A. (N. S.) 224, 129 Am. St. Rep. 308; C. & O. R. Co. v. Ward's Admr., 145 Ky. 733, 141 S. W. 72; Carter v. C. & O. R. Co., 150 Ky. 525, 150 S. W. 811; Kentucky T. & T. Co. v. Jenkins, 171 Ky. 542, 188 S. W. 645; C. N. O. & T. P. Ry. Co. v. Winningham's Admr., 156 Ky. 434, 161 S W. 506.

But it is insisted that the decedent did not occupy the position of an ordinary traveler, but, being in charge of a conveyance operated as a common carrier, he owed to the passenger the duty of exercising the highest degree of care for his safety, and therefore the duty to keep a lookout for the train, which he could not have failed to discover had he performed this duty. We perceive no reason why, as between the railroad and the driver a distinction in the degree of care required should be made between the driver of a private vehicle and the driver of a vehicle used for the transportation of the public. We therefore conclude that the decedent did not owe the railroad company the duty to keep a lookout for the train, but merely the duty of exercising ordinary care to learn of its approach and keep out of its way, and that, under the facts of this case, this was a question for the jury.

On the cross-appeal it is insisted that the trial court erred in refusing to give several instructions offered by plaintiff. Without setting out these instructions, it is sufficient to say that they were properly refused because the given instructions fully covered the law of the case.

Since only general damages were sought by plaintiff and allowed by the jury, we are not at liberty to grant a new trial on account of the smallness thereof, in the absence of some other prejudicial error in the record. Civil Code, section 341; Conder, et al. v. Ledford, 167 Ky. 137, 180 S. W. 77; Rossie v. Jewell Jellico Coal Co., 157 Ky. 332, 163 S. W. 220; Schmidt v. Kentucky River Mills, 142 Ky. 80, 133 S. W. 1142.

Judgment affirmed.

Whole court sitting.