# Louisville & N. R. Co. v. Cooper.

Dec. 17, 1943.

H. T. Lively, H. L. Bryant and J. C. Baker for appellant.

J. B. Carter and Astor Hogg for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellee's decedent, an elderly woman, was killed by appellant's southbound freight train at a public crossing at Baxter, Kentucky, in the late afternoon of July 6, 1942; and this appeal is from a judgment awarding appellee $2,400 damages for the decedent's death. Two tracks occupied the right-of-way, and, intending to cross from the east to the west side, decedent waited until a northbound freight train had cleared the crossing, and, without looking either to the right or left, but watching her steps, walked hurriedly across the northbound track to a point about the middle of the track on which she was struck. A number of persons, including decedent's daughter, were watching on the opposite side of the crossing, and some of them saw decedent through the openings between the cars of the northbound train, and attempted to warn her of the approach of the southbound train. It was not claimed that the train could have been stopped in time to have avoided striking her after her peril was discovered; and

appellee's whole case was predicated upon the failure of the crew of the southbound train to give any signal of its approach to the crossing. Although the testimony on this point was conflicting, the sole ground urged for a reversal is that the decedent, under the undisputed facts, was guilty of contributory negligence as a matter of law, and that the trial court should have sustained appellant's motion for a directed verdict.

A portion of appellant's brief is devoted to a recital of the elementary principles that negligence is not actionable unless it was proximate cause of the injury sustained by the complainant, and that the contributory negligence of the person injured bars a recovery for the antecedent negligence of the person charged. Cited is our opinion in the case of Louisville & Nashville Railroad Co. v. Jackson, 286 Ky. 595, 151 S. W. (2d) 386, 388, in which we said: "* * * where a person steps in front of an approaching train which he might have observed had he looked before placing himself in a position of peril, and the point at which he steps upon the track is so close to the approaching train that it would be impossible for those in charge of it to avoid striking him, the proximate cause of the injuries which he receives is his negligence which bars him from recovery as a matter of law, irrespective of any omission or failure of duty on the part of the trainmen."

But Mrs. Jackson was killed while attempting to cross the track by means of a footpath, in approaching which the train crew was not required to signal. Having no right to rely on the absence of signals of a train's approach, the decedent was obviously required, in the exercise of ordinary care, to employ her sense of sight in determining whether she could safely cross, and in failing to do so, was, indisputably, guilty of negligence. In the case at bar, it may be conceded that the decedent's failure to "Stop, Look, and Listen" before crossing the southbound track was a contributing factor in the series of events which caused her death, but, unless such omission constituted negligence on her part, it did not operate to relieve the appellant from responsibility for the antecedent negligence of the train crew. Thus, in the final analysis, the question for determination here is not one of proximate causes, but whether the decedent, under the circumstances shown, and in the absence of other signals, such as flashing lights stationed

at the crossing, may reasonably be said to have had the right, without violating the duty imposed upon her by the common law to exercise ordinary care for her own safety, to rely upon the train crew discharging the duties imposed upon it by statute.

Other cases are relied on by appellant, including Chesapeake & O. Railroad Company et al. v. Harrell's Adm'r, 258 Ky. 650, 81 S. W. (2d) 10, Second Appeal, 281 Ky. 381, 136 S. W. (2d) 5; but in the majority, if not all of them, there was some circumstance, however slight, which deprived the injured person of the right to rely wholly upon the required signals being given. Indeed, eliminating dictum, it may be said to be the consistently recognized rule in this State that in utilizing a public crossing, a traveler has the right to believe that the signals required of a train's approach will be sounded, or, to express it differently, to rely on the observance by the train crew of a law enacted for his benefit. While a jury under all the circumstances of a given case may properly conclude that the person attempting to cross did not exercise ordinary care in relying solely upon the absence of the required warnings, we could not hold that the failure of the injured person to "Stop, Look, and Listen" at a public crossing, constituted contributory negligence as a matter of law without defeating at least one of the purposes of the legislative enactment requiring signals to be given. As said in the case of Davis v. Louisville, H. & St. L. Railway Co., Ky., 97 S. W. 1122, 1123: "The result would be that in almost every case of personal injury, the company, however remiss in its duty, would be exonerated from liability."

See, also, Cincinnati, N. O. & T. P. Railway Co. v. Hughes, 173 Ky. 693, 191 S. W. 495; Chesapeake & Ohio Railway Co. et al. v. Williams' Adm'r, 179 Ky. 333, 200 S. W. 451; Chesapeake & Ohio Ry. Co. et al. v. Hobson's Adm'r, 244 Ky. 162, 50 S. W. (2d) 560; Cincinnati, N. O. & T. P. Ry. Co. et al. v. Fox, 269 Ky. 242, 106 S. W. (2d) 973.

We think that the correct rule to be gathered from these authorities, and the many others cited therein, is that where the injuries were received at a public crossing, for which the required signals were not given, and nothing is shown against the injured person indicating lack of care on his part, other than that he failed to

310

"Stop, Look, and Listen," he cannot be said to have been guilty of contributory negligence as a matter of law. Of course, if he is aware of the train's approach and attempts to cross in front of it, the rule stated has no application. Chesapeake & Ohio Railway Co. v. Hobson's Adm'r, supra; Chesapeake & Ohio Ry. Co., v. Bryant's Adm'r, 272 Ky. 339, 114 S. W. (2d) 89. Neither does it apply where the crossing is a private one at which the injured person had no right to rely on the absence of signals of the train's approach. Deitz' Adm'x v. Cincinnati, N. O. & T. P. Ry. Co., Ky., 2 S. W. (2d) 2; Cahill v. Cincinnati, N. O. & T. P. Ry. Co., 92 Ky. 345, 18 S. W. 2. In the case at bar, the crossing was not only a public one, but the decedent's view of the approaching train had been obscured by the passing one. Unless we were prepared to adopt the "Stop, Look and Listen" rule, which we have so often repudiated, we could not say that the decedent was guilty of contributory negligence as a matter of law in not looking up and down the track furthest from her before attempting to cross it.

Judgment affirmed.