**James Martin CASE, Plaintiff-Appellant,**

v.

**CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant-Appellee.**

No. 81–5880.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 28, 1982.

Decided Aug. 1, 1983.

Arnold Turner, Jr. (argued), Prestonsburg, Ky., for plaintiff-appellant.

James E. Cleveland, III (argued), Paul C. Hobbs, Ashland, Ky., Donald Combs, Stephens, Combs & Page, Pikeville, Ky., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Circuit Judge.

This case was decided as a matter of law by the District Court on the Chesapeake and Ohio Railway Company motion for summary judgment. Case's appeal contends that, under applicable Kentucky law and the particular facts set forth in his complaint, he was entitled to a jury trial. We agree and reverse for trial.

Appellant Case, a 34 year old resident of Garrett, Kentucky (population approxi-

mately 850), was walking back at 3:00 a.m. from a restaurant where he had sought help for a disabled car. As he proceeded along the railroad track which bisected his hometown enroute to his car which was parked on the side opposite to the restaurant, he was run over by appellee's coal train. He suffered the loss of his right leg below the knee.

Interrogatories admitted before the District Judge disclose that the train which struck appellant was a "mine shifter" train, pushing 19 cars loaded with coal, and was backing toward the C & O main line. Appellant's statement of facts asserts:

> Upon reaching the tracks, he looked for an oncoming train, and then proceeded in a westerly direction, between the tracks, toward the railroad crossing, established by the defendant for the passing of automobiles. The plaintiff was then struck from behind by the train, while the train was being moved in the rearward motion. Although the plaintiff had earlier seen the train go by he had no prior notice whatsoever of the rearward approach of the train being that no horn was sounded, no lights were on the rear of the train, no lookout was posted nor was any other attempt made by defendant, Chesapeake and Ohio Railroad, to forewarn the plaintiff or others as to the presence of the train in its rearward motion.

The legal issues as stated by the parties include at least the following: the plaintiff claims that Chesapeake and Ohio was negligent in that it was backing up a string of loaded coal cars through a town of 800 people at night (3:00 a.m.); and, without any form of warning, light, bell, whistle or horn, ran Case down cutting off his leg. The Railroad claims that Case was barred from recovery, as a matter of law, by his own negligence, in that he was walking on the tracks between the rails in the same direction as the train and failed to look back to notice its approach. Chesapeake and Ohio relies primarily upon a 1904 case from the Supreme Court of Kentucky, *Gregory v. Louisville & Nashville Railroad Co.,* 25 KLR 1986, 79 S.W. 238 (1904). Appellant, however, argues that the Kentucky Supreme Court has, since 1904, taken a somewhat different view of the question of contributory negligence as a matter of law, relying on two cases, *Chesapeake & Ohio Railway Co. v. Hobson's Administrator,* 244 Ky. 162, 50 S.W.2d 560 (1932) and *Louisville & Nashville Railroad Co. v. Blevins,* 293 S.W.2d 246 (Ky.1956).

In *Hobson's Administrator,* the Court of Appeals of Kentucky (then its highest court) established the following principles of law for Kentucky:

> [T]he point is made that the decedent was guilty of contributory negligence as a matter of law, and the motion for a peremptory instruction should have been sustained. The argument is that decedent left his son's home for the purpose of taking train No. 36; that he was hurrying to the depot in an effort to reach there before the train arrived; that before crossing the tracks he looked back and saw the train coming; and therefore the case is one where he attempted to cross with knowledge of the fact that the train was approaching. It is the rule that one who undertakes to cross in front of a train that he knows is approaching is guilty of contributory negligence as a matter of law. *Louisville & N.R. Co. v. Fentress' Adm'r,* 166 Ky. 477, 179 S.W. 419; *Louisville & N.R. Co. v. Trower's Adm'r,* 131 Ky. 589, 115 S.W. 719, 20 L.R.A.,N.S., 380; *Louisville & N.R. Co. v. Taylor's Adm'r,* 169 Ky. 435, 184 S.W. 371; *Barrett's Adm'r v. Louisville & N.R. Co.,* 206 Ky. 662, 268 S.W. 283.
>
> It is true that Mrs. Auxier testified that the decedent looked back toward the train before going on the track, but there was other evidence to the effect that he did not turn his head in the direction of the train until he was in the middle of the track. The evidence being conflicting, the question whether decedent knew of the train's approach was for the jury. Indeed, the question of contributory negligence, under circumstances similar to those here presented, is usually one for the jury, to be determined in the light of all the circumstances. *Chesapeake &*

*Ohio R. Co. v. Warnock's Adm'r,* 150 Ky. 74, 150 S.W. 29. As the licensee has the right to act on the assumption that a warning will be given, failure to warn is a potent circumstance in determining the question. *Cincinnati, N.O. & T.P.R. Co. v. Winningham's Adm'r,* 156 Ky. 434, 161 S.W. 506. There being evidence that no warning was given, and that the train was running at the rate of 20 or 25 miles an hour, and was coasting into the station, it cannot be said that decedent was guilty of contributory negligence as a matter of law. *Chesapeake & Ohio R. Co. v. Williams' Adm'r,* 179 Ky. 333, 200 S.W. 451.

*Id.* at 166, 50 S.W.2d at 562.

In *Blevins,* the Court of Appeals of Kentucky also said:

The railroad company owed the plaintiff, as a gratuitous licensee, the duty of anticipating her presence. To back a train under such condition and in such circumstances, without keeping any sort of lookout and without lights, signals or other warning of approach, was negligence. *Louisville & N.R. Co. v. Bays' Adm'r,* 142 Ky. 400, 134 S.W. 450, 34 L.R.A.,N.S., 678; *Southern Ry. Co. in Kentucky v. Caplinger's Adm'r,* 151 Ky. 749, 152 S.W. 947, 49 L.R.A.,N.S., 660.

We think the court properly submitted the case on the hypothesis that the plaintiff was a licensee.

*Id.* at 249.

We are unable to find that the Court of Appeals of Kentucky or its successor, the present Kentucky Supreme Court, has materially altered the requirement of jury trial for disputed issues of facts concerning negligence or contributory negligence, as stated in *Hobson's Administrator* and *Blevins* from which we have quoted.

The judgment of the District Court is vacated and the case is remanded to the District Court for trial by jury.