## Barrett's Administrator v. Louisville & Nashville Railroad Company, et al.

(Decided December 19, 1924.)

### Appeal from Harrison Circuit Court.

1. Railroads—Attempt to Cross Ahead of Train Held Contributory Negligence.—Decedent was guilty of contributory negligence when struck by train at crossing where street light was burning and

automatic signal bell was ringing, where he attempted to cross when train was only some 400 or 500 feet distant, on a straight track, with headlight burning brilliantly, and was warned by watchman that train was approaching.

2.   Railroads—One Attempting to Cross Track with Knowledge of Approaching Train Cannot Recover for Injury.—One who undertakes to cross a railroad track in front of an approaching train when he has notice of its approach cannot recover for an injury thereby received, no matter how negligent carrier or its agents may have been; their negligence not being proximate cause.

T. E. KING and M. C. SWINFORD for appellant.

WOODWARD & WARFIELD, HANSON PETERSON, E. M. DICK· SON and ASHBY M. WARREN for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

On the evening of December 24th, 1921, shortly before eight o'clock, appellant's intestate, Edward J. Barrett, was struck by appellee's north bound fast train at what is known as the Falmouth crossing, in the northern edge of Cynthiana, and was killed. This is an action by his administrator for his death, alleged to have been caused by the negligence of the railroad company and its agents and servants.

In the original petition only the railroad company was defendant, and there was a general charge of negligence; but in an amended petition, wherein the engineer and fireman were also made defendants, it was charged that each of defendants negligently and carelessly failed to signal the approach of the engine and train to the crossing, by ringing of the engine bell or blowing the engine whistle, and failed to keep a reasonable lookout for persons on said crossing in approaching the same, and if such lookout had been maintained decedent's peril could have been discovered in time to prevent his death; that defendants were at the time negligently and carelessly operating the train of cars at a high and dangerous rate of speed in approaching the crossing which was a much traveled and used one, both by day and at night by pedestrians and by people in automobiles and other conveyances; that the defendants negligently failed to warn the decedent of the approach of the engine and train, or of the danger to him after his peril was discovered, or could have been by them discovered; that the watchman at the crossing negligently and carelessly

failed to warn decedent of the approach of the engine
and train, and negligently and carelessly failed to warn
him after his peril was discovered, and negligently and
carelessly failed to make any effort to rescue him from
his position of peril.

The answer put each of these allegations in issue,
and in addition relied upon contributory negligence.

On the trial at the close of the plaintiff's evidence
the lower court directed the jury to return a verdict for
the defendants, upon compliance with which the plain-
tiff's petition was dismissed and he has appealed.

The correctness of the court's ruling in directing the
verdict is the only question presented.

The evidence shows the crossing to be within the city
limits, and near the northern edge thereof, and that the
street or turnpike diagonally crosses the railroad right
of way, the railroad running approximately north and
south, while the street or turnpike runs nearer north-
east and southwest. There are three tracks crossing the
street at this point, the most western being a switch track,
the next the south bound track, and the most eastern the
north bound track. The most western rail of the switch
track is 69 feet from the most eastern rail of the north
bound track. The company kept a watchman there and
maintained a shanty or watch-house for him a short dis-
tance east of the north bound track. This watchman was
present in performance of his duties at the time of the
accident, and was the only eye-witness to it.

The north bound fast train was due at Cynthiana at
7:13 p. m., but upon the night in question was a few min-
utes late, and left the station at 7:44, the station being
4,000 feet south of the Falmouth crossing.

Having reached the conclusion from the whole evi-
dence that decedent was himself guilty of such negligence
as that the injury would have occurred even though, as
claimed, the company and its agents were also negligent,
we are relieved of the necessity of considering appel-
lant's contentions as to the negligence of the trainmen
and the watchman at the crossing.

The evidence discloses that not only was there a light
at or near the crossing which was burning, but that the
approaching engine had its headlight brilliantly lighted
and was at the time running upon a straight track; that
at the time decedent started to cross the switch track,
which was 69 feet from the eastern rail of the north bound
track, the train was approaching with its headlight burn-

ing brilliantly, the street light was burning, and an automatic signal bell was ringing, and at that time the train was only some four or five hundred feet distant. Not only may it be fairly assumed from these undisputed facts that decedent then knew of the approach of the train, but it is undenied that at a time when he was between the north and south bound tracks, and at a place of safety, he was warned by the watchman, who was present, that the train was approaching, and in the face of such warning proceeded to step upon and undertake to cross the north bound track in front of the approaching train. Not only so, the evidence showed that instead of going immediately across the north bound track, when he got on it he took two or three steps north on the track before he undertook to step across on the east side, at about which time the train struck him. The evidence shows that he had normal hearing and sight for one of his age, which was 57, and in addition it showed that if he had gone directly across the north bound track instead of taking two or three steps before undertaking to get off on the east side the train would not have struck him.

Under this admitted state of fact it is wholly unnecessary to inquire into the alleged acts of negligence of defendant and its agents, for it is a thoroughly recognized rule that one who undertakes to cross a railroad track in front of an approaching train, when he knows or has notice of its approach, cannot recover for an injury thereby received, no matter how negligent the carrier or its agents may have been. It is inconceivable under the facts as stated that any such negligence of the defendant or its agent could have been the proximate cause of his injury, or that anything other than his own recklessness or mistake in judgment was such cause. If he was in such a reckless state of mind as not to care whether the train struck him then of course there can be no recovery; or if he in the exercise of a mistaken judgment, knowing of the approach of the train, thought he could in safety cross the track ahead of it, then likewise there can be no recovery.

The case of L. & N. R. R. Co. v. Trower's Admr., 131 Ky. 589, was where one carrying a mail bag to be placed on a local train that stopped at a station undertook to cross the track in front of what he assumed to be the local train which would slow up and stop at the station, when in fact it turned out to be a fast special train which was running at a high and negligent rate of speed and did not

purpose to stop at the station. He was struck by the train, and the court in holding there could be no recovery, and that his own effort to cross ahead of the train was the proximate cause of his injury, said:

"Appellant's negligence in running its train too fast by the station was not the proximate cause of the intestate's death. His own negligence in going upon the track with knowledge of the defendant's negligence, or rashly or recklessly ignoring its negligence and 'taking chances' was the proximate cause of his injury, for, but for it, appellant's negligence would have been harmless as to him. In all the cases cited where the fact was undisputed that the injured party knew of the train's approach, and heedless of it, or miscalculating the results, went upon the tracks just in front of the train, a recovery was denied."  ·

In that case Thompson on Negligence, 1 Sup. 27, section 186, is quoted.

In L. & N. R. R. Co. v. Fentress' Admr., 166 Ky. 477, a man going to a station to take a train was running on the track ahead of the approaching train; he erroneously assumed that the train coming behind him would pass him on another parallel track, when in fact the train came on the track upon which he was running and killed him. The court, in directing a verdict for defendant, said:

"It is not a pertinent inquiry in this case whether the signals were given or not; Fentress knew of the approach of the train and no signals could have warned him of anything he did not know. Nor is it important whether he was a trespasser at the time or a licensee, or whether the train was running at an excessive rate of speed; the whole evidence shows that he, with full knowledge that the train was coming, negligently ran along and upon the track ahead of it, and that negligence coupled with his mistaken opinion that the train was running on the other track was the proximate cause of his death."

In L. & N. R. R. Co. v. Taylor's Admr., 169 Ky. 435, decedent undertook to go across a track in front of a train he knew was approaching. The court, in denying a recovery, said:

"It is unnecessary to determine whether the company or its agents were guilty of negligence; the

undisputed facts and all fair inferences deducible from them show unmistakably that the decedent with the knowledge of the train's approach placed himself in a place of danger, but for which the collision would not have occurred.''

From these cases it is clear that where one knowing of the approach of a train undertakes to cross ahead of it, whether his conduct be mere recklessness upon his part, or whether it be the result of mistaken judgment, there can be no recovery whatever may be the negligence of the defendants or its agents, because his own recklessness or mistaken judgment is the proximate cause of his injury.

Judgment affirmed.