## Holder v. Illinois Central Railroad Company.

(Decided January 25, 1927.)

### Appeal from Ballard Circuit Court.

1. Railroads—One Injured at Railroad Crossing in Another State Has Burden of Showing Ordinance was Applicable, Under Such State's Law.—Burden was on plaintiff, suing a railroad company for injuries sustained when struck by a backing engine at a crossing in a city of another state, to show that a city ordinance, prohibiting the backing of trains in the daytime without a watchman on the back end, was applicable to the case, under the law of such state.

2. Railroads—Testimony that Ordinance Did Not Govern Case in State, Wherein Injury at Railroad Crossing Occurred, Held to Preclude Recovery Thereunder.—In an action against a railroad company for injuries to one struck by a backing train at a crossing in a city of another state, testimony on cross-examination of plaintiff's witness, who testified, as to an ordinance prohibiting the backing of trains without a watchman on the back end, that city ordinance regulating the duty of railroad companies at crossings were not governing in such cases in that state, held to preclude recovery under such ordinance.

3. Railroads—Pedestrian, Crossing in Front of Slowly Backing Train in Plain View, Held Contributorily Negligent.—One walking

directly in front of a slowly backing train, which was in plain view, on a bright day, for some time before he reached the crossing held contributorily negligent, as a matter of law, in not taking more precaution in view of his defective eyesight and hearing.

J. B. WICKLIFFE for appellant.

R. M. SHELBOURNE and W. T. WHITE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

J. B. Holder is a market gardener residing at East Cairo, Kentucky, and selling his vegetables in Cairo, Illinois, just across the river. A ferry connects the two towns. On March 6, 1926, he was in Cairo and after making some purchases started back to the ferry boat, and as he was crossing Ohio street at the intersection of 6th he was struck by a backing engine and received serious injuries. He brought this action to recover for his injury on the ground that the engine was backing without any lookout or giving any warning. The allegations of the petition were denied by answer. At the conclusion of the evidence for the plaintiff the court instructed the jury peremptorily to find for the defendant.

The plaintiff introduced proof showing that no watchman was on front of the backing engine and that the following city ordinance was in force in Cairo, Illinois:

"No railroad company or employe of any railroad company or other person shall run or cause or suffer or permit to be run, forward or backward, any locomotive, engine, railroad car or train on any track in said city without having in the nightime a brilliant and conspicuous light and in the daytime a watchman on the advancing end of such locomotive, engine, car or train."

But the witness who testified to the ordinance on cross-examination also testified, in substance, when pressed as to whether the city ordinance referred to, under the laws of Illinois, was of any force in a case like this answered as follows:

"Q. Have you looked up that particular law? A. On crossings? Q. The decision of the Supreme

Court of the state of Illinois with reference to city and towns, by ordinances, regulating the duty of railroad companies at crossings? A. Yes, I started to say a while go and you didn't want me to explain. City ordinances are not governing, as I understood in the state of Illinois, as a law that the railroad company is, but they are merely protection, punishable by fine as the violation of the city ordinances, and their violation by the railroad company shall be considered by the jury as to whether or not they have any force.''

The burden of proof was on the plaintiff to show that the ordinance was applicable to the case under the law of Illinois, and the above answer, if it does not mean that city ordinances do not govern the law in Illinois in cases like this, it at least does not show that they do govern, and the circuit court properly held that no ground of recovery was shown under the ordinance.

It is also insisted for the plaintiff that he should have recovered under his proof that no warning was given of the approaching engine. The plaintiff testified that when he started across the street he looked and listened and saw no train, and that just as he was crossing the second track the backing engine struck him. But the fact was it was about eleven o'clock in the day; the sun was shining; the street was straight; there was no obstruction to prevent his seeing the train; it had gone more than a quarter of a mile; it was running slowly, and according to all the evidence, except the testimony of the plaintiff, the bell was ringing. The plaintiff is sixty-five years old, and he was blind in one eye; he did not see clearly out of the other; he was hard of hearing. He was carrying a sack of flour on one shoulder and had in the other hand a broom, a bucket and some other purchases. It was about time for the ferry to leave and he had on his mind getting to the boat. It is apparent from the evidence that if the plaintiff looked or listened his failure to see or hear the approaching train was due to his defective eyesight or his defective hearing. Under such circumstances he should have taken more precaution before walking upon the railroad track. The accident was due to his walking just in front of the train, which was

moving slowly and in plain view, not only from the time he left the corner but for some time before he reached Sixth street.

Judgment affirmed.