# Green's Adm'r v. Chesapeake & O. R. Co.

June 11, 1946.

E. J. Picklesimer and J. E. Childers for appellant.

LeWright Browning and Henry J. Scott for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

This appeal is from a judgment on a directed verdict given in favor of the Chesapeake & Ohio Railway Company at the conclusion of the evidence offered for the appellant. It is contended that the case should have gone to the jury, because no one has the right to wantonly or needlessly kill a human being although he may be careless or a trespasser on forbidden premises. On the other hand, the Railway Company takes the position that one who undertakes to cross a railway track in front of an approaching train when he knows or has notice of its approach can not recover for an injury thereby received, and that under such circumstances the last clear chance doctrine can not be invoked.

The appellant and his wife, Emma Green, lived about 50 feet from one of the Railway Company's tracks. There was a clear view of the track from the Green home. Between the house and the track there was

a pathway which paralleled the track and was some 8 or 10 feet from it. On the afternoon of February 20, 1944, Mrs. Green ran from the front of her home toward the track when one of the Railway Company's trains was about 250 feet distant, apparently, for the purpose of rescuing a small dog which was on the track. As she leaned over to pick up the dog the train struck her and killed her instantly. The only eyewitness to the tragedy was the fireman, whose place on the engine gave him a clear view of the Green home. He said the train was traveling about 35 miles an hour; when it was about 250 feet from the point of the accident Mrs. Green ran toward the track; he gave no signal and said nothing to the engineer because it was obvious that Mrs. Green was aware of the approaching train and he thought she was running toward the path; when the train was some 60 or 75 feet from the place of the accident Mrs. Green rushed upon the track and bent over to pick up a dog, which he saw for the first time; and he immediately told the engineer to apply the brakes, which he did, and the train stopped in a distance approximating its length.

When the fireman first saw Mrs. Green she was in no danger, and, as there was no crossing near, there was no occasion for the giving of any signal. As frequently said, the giving of signals is for the purpose of warning persons of an approaching train, but we have already noted the evidence shows conclusively that Mrs. Green was aware of that fact. A railway company owes no duty to a trespasser other than to exercise ordinary care to avoid injuring him after the discovery of his peril. Mrs. Green was in no peril until she ran upon the track when the train was some 60 or 75 feet from her. At that time it would have been a physical impossibility to have stopped the train before it reached her. The facts of the case are somewhat similar to the case of Louisville & N. R. Co. v. Browning's Adm'x, 277 Ky. 385, 126 S. W. 2d 823. In that case Browning ran upon the track when the train was about 55 feet from him in an effort to drive some cattle off the track. It was held that the Railway Company was entitled to a directed verdict because Browning left a position of safety when he knew the train was approaching and ran upon the track when the train was a very short distance from him, thereby bringing about his fatal injury through his own negligence. The case of Barrett's Adm'r v. Louisville & N. R. Co.,

590

206 Ky. 662, 268 S. W. 283, and many others of like tenor support the rule to the effect that one who undertakes to cross a railroad track in front of an approaching train when he knows of its approach can not recover for an injury thereby received, regardless of negligence on the part of the Railway Company. Likewise, many cases, including the case of Cincinnati, N. O. & T. P. Ry. Co. v. Wallace's Adm'r, 267 Ky. 661, 103 S. W. 2d 91, support the rule to the effect that in cases similar to the one at bar the last clear chance doctrine will not be invoked. In conclusion it may be said that this case is even stronger in favor of the Railway Company than many others where verdicts have been given in favor of the carrier, because here we find no basis whatever for a charge of negligence on the part of those in charge of the train.

Judgment affirmed.